United States District Court
Northern District of California

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| DAWN SCHULTZ, an individual; DAVID JENKS, an individual; and DANAI MOONYHAM, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>DOE 1, a Utah corporation sole; DOE 2, a Utah corporation sole; DOE 3, a California corporation sole; and DOES 4-10, inclusive,<br><br>Defendants. | Case No. 23-cv-03290-BLF<br><br>**ORDER GRANTING PLAINTIFFS' MOTION TO REMAND**<br><br>[Re: ECF 14] |

Plaintiffs Dawn Schultz, David Jenks, and Danai Moonyham filed this action in the Santa Clara County Superior Court, alleging that they were sexually abused by a church leader when they were children. *See* Not. of Removal Ex. A ("Compl."), ECF 1. Plaintiffs sue the church and related corporate entities for negligence and intentional infliction of emotional distress, asserting that those entities failed to take reasonable steps to protect Plaintiffs. *See id.* The entities are named as Doe defendants pursuant to California Code of Civil Procedure § 340.1, which extends the statute of limitations for claims arising from childhood sexual abuse but requires that in some circumstances the defendants be named as Does pending corroboration of the charging allegations.

Defendant Doe 1 removed the action to federal district court on the basis of diversity of citizenship. *See* Not. of Removal ¶¶ 4-13. Plaintiffs seek to remand the action. The Court previously determined that Plaintiffs' motion to remand is suitable for decision without oral argument and vacated the hearing. *See* Order Vacating Hearing, ECF 30.

Plaintiffs' motion to remand is GRANTED for the reasons discussed below.

## I. BACKGROUND

The complaint alleges the following facts: Defendants Doe 1, Doe 2, and Doe 3 (collectively, "Defendants") are religious corporations. *See* Compl. ¶¶ 8-10. Doe 1 and Doe 2 are incorporated in the state of Utah and Doe 3 is incorporated in the state of California. *See id.* As part of Defendants' religious mission, they select leaders to educate and minister to large geographic areas known as "Stakes," and sub-units of Stakes known as "Wards." *Id.* ¶ 13. Defendants operated and controlled the Milpitas Ward. *See id.* ¶ 6. During all times relevant to this action, non-party Kenneth Jenks was a teacher, executive secretary, librarian, and church leader of the Milpitas Ward. *See id.* ¶ 7.

Plaintiffs were members and parishioners of the Milpitas Ward when they were minor children. *See* Compl. at 1. Plaintiffs were placed under the supervision of Kenneth Jenks. *See id.* ¶ 44. Defendants knew that Kenneth Jenks previously had been reprimanded for sexual abuse of children, but Defendants allowed Kenneth Jenks to supervise and control minor children, including Plaintiffs. *See id.* ¶ 45. Defendants knew that Kenneth Jenks and other sexual predators within the church used their positions to groom and sexually abuse children. *See id.* ¶ 48.

Kenneth Jenks sexually abused Dawn Schultz from 1978 to 1990, beginning when Dawn was five years old and continuing until she was eighteen. *See* Compl. ¶ 50. The abuse occurred on property owned, operated, and/or controlled by Defendants, and during activities that were sponsored by Defendants, including girls' summer camp and youth travel conferences. *See id.* ¶¶ 51-54. Dawn Shultz is now an adult woman residing in Missouri. *See id.* ¶ 1.

Kenneth Jenks sexually abused David Jenks from 1979 to 1987, beginning when David was nine years old and continuing until David was seventeen. *See* Compl. ¶ 56. The abuse occurred on property owned, operated, and/or controlled by Defendants, and during activities that were sponsored by Defendants, including when David helped set up chairs prior to religious service. *See id.* ¶¶ 57-60. David Jenks is now an adult male residing in California. *See id.* ¶ 2.

Kenneth Jenks sexually abused Danai Moonyham from 1978 to 1990, beginning when she was three years old and continuing until she was sixteen. *See* Compl. ¶ 62. The abuse occurred on property that was owned, operated, and/or controlled by Defendants, and during activities that

1  were sponsored by Defendants, including girls' summer camp.  *See id.* ¶¶ 63-66.  Danai

2  Mooneyham is now an adult female residing in Texas.  *See id.* ¶ 3.

3        Plaintiffs filed this action in the Santa Clara County Superior Court on December 14, 2022.

4  Although Plaintiffs claim to have suffered sexual abuse several decades ago, between 1978 and

5  1990, Plaintiffs allege that the suit is timely under California Code of Civil Procedure § 340.1,

6  which substantially extends the statute of limitations for such claims.  *See* Compl. ¶ 20.  Where, as

7  here, the plaintiffs are forty years of age or older, § 340.1 requires that each defendant be named

8  by "Doe" designation in the complaint "until there has been a showing of corroborative fact as to

9  the charging allegations against that defendant."  Cal. Civ. P. Code § 340.1(l).  In compliance with

10 this statutory requirement, the complaint identifies the church and affiliated entities as DOE 1, a

11 Utah corporation, DOE 2, a Utah corporation, and DOE 3, a California corporation.  *See* Compl.

12 ¶¶ 8-10.  The complaint also asserts claims against Does 4-10, whose identities are unknown.

13       On June 30, 2023, Doe 1 removed the action to federal court on the basis of diversity of

14 citizenship.  *See* Not. of Removal ¶¶ 4-13.  While acknowledging that it appears on the face of the

15 complaint that both Plaintiff David Jenks and Doe 3 are California citizens, the notice of removal

16 asserts that there is diversity of citizenship between Plaintiffs and Defendants because:  (1) the

17 citizenship of Doe defendants is not considered when determining the existence of diversity

18 jurisdiction in federal court; and (2) Doe 3 is a nominal or sham party.  *See id.* ¶¶ 12 & n.1.

19       Plaintiffs seek remand of the action to state court.

20 **II.  LEGAL STANDARD**

21       "A defendant may remove an action to federal court based on federal question jurisdiction

22 or diversity jurisdiction."  *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009)

23 (citing 28 U.S.C. § 1441).  A plaintiff who contests the existence of jurisdiction may file a motion

24 to remand.  *See* 28 U.S.C. § 1447(c).  "The strong presumption against removal jurisdiction means

25 that the defendant always has the burden of establishing that removal is proper, and that the court

26 resolves all ambiguity in favor of remand to state court."  *Hunter*, 582 F.3d at 1042 (quotation

27 marks and citation omitted).  "If at any time before final judgment it appears that the district court

28 lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C.A. § 1447.

## III. DISCUSSION

Under this legal standard, Doe 1 has the burden of establishing that removal is proper. As noted above, Doe 1 removed the action on the basis of diversity of citizenship. Diversity jurisdiction "requires complete diversity of citizenship, meaning that the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Demarest v. HSBC Bank USA, N.A.*, 920 F.3d 1223, 1226 (9th Cir. 2019) (quotation marks and citation omitted).

The notice of removal alleges that "Plaintiff David Jenks is an individual domiciled in California." Not. of Removal ¶ 6. Based on that allegation, David Jenks is a citizen of California for purposes of determining the existence of diversity jurisdiction. *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (a natural person's citizenship is determined by the person's state of domicile). The notice of removal acknowledges the complaint's allegation that Doe 3 is a religious corporation, incorporated in the state of California. *See* Not. of Removal ¶ 12. A corporation is a citizen of both its state of incorporation and the state in which it has its principal place of business. *See* 28 U.S.C. § 1332(c)(1). If both Plaintiff David Jenks and Defendant Doe 3 are citizens of California, there is not complete diversity of citizenship between Plaintiffs and Defendants, so diversity jurisdiction does not lie under § 1332.

In the notice of removal, Doe 1 asserts that complete diversity of citizenship exists despite the complaint's allegations that Doe 3 is a California corporation, because the citizenship of Doe defendants is not considered when determining the existence of diversity jurisdiction. *See* Not. of Removal ¶ 12. In a footnote, Doe 1 also argues that the citizenship of Doe 3 should be disregarded because Doe 3 is a nominal or sham party. *See id.* n.1.

Plaintiffs argue in their motion to remand that Doe 3 is not a fictitious defendant, because Doe 3's identity is known, and the "Doe" designation was used only because it was required by California Code of Civil Procedure § 340.1. For that reason, Plaintiffs argue, Doe 3's California citizenship should be considered and should result in remand on the basis that there is not complete diversity of citizenship as required under 28 U.S.C. § 1332. Plaintiffs also point out that if Doe 3's California citizenship is considered, removal was improper because Doe 3 is a forum defendant under 28 U.S.C. § 1441(b)(2). That section provides that a civil action otherwise

1  removable solely on the basis of diversity jurisdiction "may not be removed if any of the parties in

2  interest properly joined and served as defendants is a citizen of the State in which such action is

3  brought." 28 U.S.C. § 1441(b)(2). Finally, Plaintiffs argue that Doe 3 is not a sham defendant.

4      In its opposition to the remand motion, Doe 1 flips the order of the arguments it presented

5  in its notice of removal, arguing first that the California citizenship of Doe 3 should be disregarded

6  because Doe 3 is a nominal or sham party, and second that the citizenship of Doe defendants must

7  be disregarded under the removal statute.

8      Neither of Doe 1's arguments is well-taken. The Court addresses the arguments in the

9  order presented in Doe 1's notice of removal and Plaintiff's motion to remand, first taking up the

10  citizenship of Doe defendants and then the assertion that Doe 3 is a nominal or sham defendant.

11      **A.  Citizenship of Doe Defendants**

12      Doe 1 argues that the California citizenship of Doe 3 should be disregarded, because the

13  federal removal statute expressly states that: "In determining whether a civil action is removable

14  on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants

15  sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1). Plaintiffs contend that

16  this rule should not apply here, where California Code of Civil Procedure § 340.1 required

17  Plaintiffs to name the defendants by "Doe" designation in the complaint pending a showing of

18  corroborative facts as to the charging allegations. *See* Cal. Civ. P. Code § 340.1(l).

19      Plaintiffs assert that they know the identities of Doe 1, Doe 2, and Doe 3 and have served

20  those defendants. The evidence submitted by the parties shows that Plaintiffs served The Church

21  of Jesus Christ of Latter-Day Saints, Inc., a Utah corporation, as Doe 1. *See* Swaminathan Decl. ¶

22  8 & Ex. B, ECF 18-1. Plaintiffs served the Corporation of the Presiding Bishop of the Church of

23  Jesus Christ of Latter-Day Saints, Inc., n/k/a Church of Jesus Christ of Latter-Day Saints, Inc., a

24  Utah corporation, as Doe 2. *See id.* ¶ 9 & Ex. C. The record evidence indicate that those two

25  corporations have merged, leaving a single Utah corporation known as The Church of Jesus Christ

26  of Latter-Day Saints ("the Church"). *See* Wilson Decl. ¶¶ 10-13 & Exs. A-E, ECF 18-2. Finally,

27  and more to the point here, Plaintiffs served the Corporation of the President of the San Jose

28  Stake, Church of Jesus Christ of Latter-Day Saints, a California corporation, as Doe 3. *See* Ogden

1  Decl. ¶¶ 8-11 & Exs. 4-6. Under these circumstances, Plaintiffs argue that the citizenship of Doe
2  1, Doe 2, and Doe 3 should be considered for purposes of determining whether diversity
3  jurisdiction exists.

4  Another court in this district addressed the identical issue on strikingly similar facts in
5  *Geppert v. Doe 1*, No. 23-CV-03257-SVK, 2023 WL 5804156 (N.D. Cal. Sept. 7, 2023), which
6  was not cited by either party. *Geppert* involved alleged sexual abuse of the plaintiff by non-party
7  Kenneth Jenks when the plaintiff was a minor child in the Milpitas Ward of the Church. *See id.* at
8  *1. The plaintiff filed suit in state court against the Church and related entities for negligence and
9  intentional infliction of emotional distress. *See id.* Pursuant to California Code of Civil Procedure
10 § 340.1, the plaintiff identified the entity defendants as Doe 1, Doe 2, and Doe 3 in the complaint.
11 *See id.* Doe 2 removed the suit to federal district court on the basis of diversity jurisdiction, and
12 the plaintiff moved to remand. *See id.* at *2. The plaintiff argued that there was no diversity
13 jurisdiction because both the plaintiff and Doe 3 were alleged to be California citizens. *See id.*
14 Doe 1 and Doe 2 opposed remand, arguing that the removal statute required the court to disregard
15 the California citizenship of Doe 3. *See id.*

16 The *Geppert* court agreed with the defendants that it was required to disregard the
17 citizenship of Doe 3 under the removal statute, 28 U.S.C. § 1441(b)(1). *See Geppert*, 2023 WL
18 5804156, at *3. The court concluded as follows:

19 [T]he removal statute *obligates* the Court to disregard Defendant Doe 3's
20 citizenship regardless of whether Doe 3 is actually fictitious or whether state law mandates use of the Doe designation. Plaintiff cites no authority, and the Court is not aware of any, supporting the proposition that the California Code of Civil
21 Procedure overrides fundamental principles of diversity jurisdiction and removal as codified in the removal statute.
22

23 *Id.* However, the court determined that it was required to disregard the citizenship of *all* Doe
24 defendants, which presented the court with "the rare scenario in which a sole plaintiff is a citizen
25 of one state, and every single defendant (for purposes of assessing removal based on diversity
26 jurisdiction) is effectively a citizen of no state." *Id.* Under those circumstances, the *Geppert* court
27 found that diversity jurisdiction did not exist, because the defendants had not established they
28 were citizens of different states than the plaintiff. *See id.*

6

1    The *Geppert* court relied on Ninth Circuit decisions finding that where the defendant is not
2    a citizen of a state for diversity purposes, there is no diversity jurisdiction under § 1332.  *See*
3    *Louisiana Mun. Police Employees' Ret. Sys. v. Wynn*, 829 F.3d 1048, 1056 (9th Cir. 2016)
4    (holding that a defendant who was a United States citizen but was not domiciled in any state was
5    "stateless" for purposes of § 1332 and therefore destroyed complete diversity under § 1332);
6    *Hancock Fin. Corp. v. Fed. Sav. & Loan Ins. Corp.*, 492 F.2d 1325, 1329 (9th Cir. 1974) (holding
7    that diversity jurisdiction did not exist where the defendant was "not a citizen of any particular
8    state for diversity purposes").  The *Geppert* court also relied on a decision of another district court
9    in this circuit, *Batista v. Doe Driver I*, No. 2:22-cv-01021-APG-VCF, 2022 WL 4329793 (D. Nev.
10   Sept. 19, 2022), which specifically addressed whether diversity jurisdiction exists when the
11   complaint names only Doe defendants.

12   In *Batista*, the plaintiff was rear-ended by an unknown driver who fled the scene, and the
13   plaintiff thereafter filed a suit in state court alleging negligence claims against Doe Drivers and
14   Doe Owners.  *See Batista*, 2022 WL 4329793, at *1.  The plaintiff's insurer intervened in the state
15   court action, after which the plaintiff named the insurer as a defendant, and the insurer removed
16   the action to federal court.  *See id.*  On the plaintiff's motion to remand, the district court noted
17   that if a suit is not initially removable, it may not later be removed based on diversity jurisdiction
18   more than one year after commencement of the suit.  *See id.* at *2.  The *Batista* court determined
19   that the suit was not removable when filed against only Doe defendants, reasoning that "[a]lthough
20   the citizenship of Doe defendants does not destroy diversity for removability, neither does it
21   presumptively create it."  *Id*. at *1.  The court noted that the insurer had not pointed to "any
22   authority for the proposition that diversity exists where only fictitious defendants are named."  *Id*.
23   On that basis, the *Batista* court found the insurer's removal of the suit more than one year after
24   commencement to be untimely, and remanded the action.  *See id.* at *2.

25   Based on *Geppert* and the cases cited therein, this Court concludes that if it accepts Doe
26   1's argument that the citizenship of Doe defendants must be disregarded under the removal statute,
27   there is no diversity jurisdiction.  However, given the lack of guidance from the Ninth Circuit on
28   the interplay between the federal removal statute's direction to disregard the citizenship of Doe

1    defendants and the applicable state statute's requirement that defendants be named as Does, this
2    Court is reluctant to make a final determination on the issue at this time. The Court need not do so
3    here, because the outcome of Plaintiffs' motion is the same however the issue is decided. As
4    discussed above, there is no diversity jurisdiction if the citizenship of the Doe defendants is
5    disregarded. And as discussed below, there is no diversity jurisdiction if the citizenship of the
6    Doe defendants is considered, because Doe 1 has not established that Doe 3 is a nominal or sham
7    defendant whose California citizenship should be disregarded.

### B.     Nominal or Sham Defendant

Doe 1 argues that Doe 3's California citizenship should be disregarded because Doe 3 is a nominal or sham party that has been fraudulently joined. "[O]ne exception to the requirement for complete diversity is where a non-diverse defendant has been fraudulently joined." *Hunter*, 582 F.3d at 1043 (quotation marks and citation omitted). "Joinder is fraudulent [i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *Id*. (quotation marks and citation omitted, alteration in original). "In such a case, the district court may ignore the presence of that defendant for the purpose of establishing diversity." *Id*.

The Ninth Circuit has recognized a "general presumption against fraudulent joinder," and emphasized that a defendant who asserts that a party is fraudulently joined carries a "heavy burden." *Hunter*, 582 F.3d at 1046. "The defendant seeking removal to the federal court is entitled to present the facts showing the joinder to be fraudulent." *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998). The defendant must "show that the individuals joined in the action cannot be liable on any theory." *Id*. "If factual issues are in dispute, the Court must resolve all disputed questions of fact . . . in the plaintiff's favor." *De Laveaga Serv. Ctr., Inc. v. Nationwide Ins. Co.*, No. 21-CV-03389-BLF, 2021 WL 4400215, at *3 (N.D. Cal. Sept. 27, 2021) (quotation marks and citation omitted, alteration in original). "[R]emand must be granted unless the defendant shows that the plaintiff would not be afforded leave to amend his complaint to cure [the] purported deficiency." *Id*. at *2 (quotation marks and citation omitted).

Doe 1 argues that Doe 3, the Corporation of the President of the San Jose Stake, Church of

1    Jesus Christ of Latter-Day Saints, a California corporation, is a nominal or sham defendant that

2    has no connection with the allegations of the complaint.  Doe 1 submits a declaration from

3    Branden Wilson, the Director of Risk Management for the Church, who states that the California

4    corporation was formed in 1973 and currently exists to hold property.  *See* Wilson Decl. ¶¶ 17-18,

5    ECF 18-2.  Mr. Wilson does not address the scope of corporation's purpose or activities at the

6    time of its formation in 1973, focusing only on its present role within the Church when stating that

7    "[c]urrently, it holds personal property such as kitchen equipment at a youth camp located in

8    Lower Bear Reservoir, Amador County, California, leased by the Church Corporation."  *Id*. ¶ 18.

9    Mr. Wilson states that the Corporation of the President of the San Jose Stake, Church of Jesus

10   Christ of Latter-Day Saints, a California corporation, is not an not an ecclesiastical unit, and that it

11   does not have a clergy, teachers, librarians, executive secretaries, or parishioners.  *See id.*  Mr.

12   Wilson asserts that the corporation "does not have any connection to the Milpitas Ward referred to

13   in the Complaint," emphasizing that "[i]t is a separate corporation that exists solely for the

14   purpose of holding property."  *Id*.  Based on this evidence, Doe 1 asks the Court to consider Doe 3

15   to be a nominal or sham defendant and to disregard its California citizenship.

16        Doe 1 speculates that Plaintiffs may have intended to sue the "San Jose Stake," an

17   unincorporated ecclesiastical subunit of the Church, as Doe 3.  Doe 1 points to attorney

18   correspondence about the identify of Doe 3, in which Plaintiffs' counsel stated that Doe 3 was the

19   "San Jose Stake of the Church of Jesus-Christ of Latter-Day Saints, Inc."  Swaminathan Decl. ¶

20   11.  If Doe 3 is the "San Jose Stake," it is not a separate entity capable of defeating diversity.

21        In their reply, Plaintiffs state unequivocally that they intended to sue, and did sue, the

22   Corporation of the President of the San Jose Stake, Church of Jesus Christ of Latter-Day Saints, a

23   California corporation, as Doe 3.  Plaintiffs deny that they ever sought to sue an ecclesiastical

24   subunit of the Church (which would not be a separate entity) as Doe 3.  Plaintiffs submit a

25   declaration of counsel explaining that they sued the Corporation of the President of the San Jose

26   Stake, Church of Jesus Christ of Latter-Day Saints, based on public documents disclosing its

27   California incorporation and apparent link with the San Jose Stake, which encompasses the

28   Milpitas Ward.  *See* Ogden Reply Decl. ¶¶ 4-6, ECF 21-1.  Plaintiffs point out that they have not

had an opportunity to take discovery to determine the scope of the corporation's involvement with the San Jose Stake and Milpitas Ward. Plaintiffs argue that the declaration submitted by Doe 1 does not establish that the Corporation of the President of the San Jose Stake, Church of Jesus Christ of Latter-Day Saints, a California corporation, had no ownership, operation, or control over the Milpitas Ward, Kenneth Jenks, or Church properties when the sexual abuse occurred.

The Court agrees with Plaintiffs that Doe 1 has not carried its heavy burden of establishing that Doe 3 is a fraudulently joined defendant. Mr. Wilson's declaration statements describing the role of the Corporation of the President of the San Jose Stake, Church of Jesus Christ of Latter-Day Saints, a California corporation, is couched entirely in the present tense. He does not speak to the role of the corporation when it was established in 1973 or in the decades thereafter, when the sexual abuse is alleged to have occurred. Moreover, Mr. Wilson states that the California corporation "holds property," including property related to a youth camp leased by the Church. *See* Wilson Decl. ¶ 18. Two of the three plaintiffs allege that they were sexually molested at girls' summer camp. Based on this record, the Court cannot conclude that it would be impossible for Plaintiffs to establish liability against the Corporation of the President of the San Jose Stake, Church of Jesus Christ of Latter-Day Saints, a California corporation, which is sued as Doe 3.

### C.     Conclusion

For the reasons discussed above, the Court finds that the removing defendant, Doe 1, has failed to meet its burden to establish the existence of diversity jurisdiction. Accordingly, the motion to remand is GRANTED.

## IV.     ORDER

(1) Plaintiff's motion to remand is GRANTED.

(2) The Clerk shall remand the case to the Santa Clara County Superior Court and close the file in this Court.

(3) This order terminates ECF 14.

Dated: November 16, 2023

_____
BETH LABSON FREEMAN
United States District Judge

10